9267

McALISTER v. TUCKER.

(87 S. E. 1000.)

TRIAL. CHARGE. LANDLORD AND TENANT. AGRICULTURAL LEASES. RENT.

1. TRIAL—CHARGE—APPEAL AND ERROR.—An omission of the trial Judge to charge the law applicable in response to the request from the jury is reversible error when prejudicial to a party.

2. LANDLORD AND TENANT—AGRICULTURAL LEASE—RENT.—Where no time for payment of rent is fixed by express agreement in an agricultural lease, the rent becomes due and payable when the crops to be planted mature and are in a condition to be prepared for market or sale.

Before GARY, J., Anderson, March, 1915.    Reversed.

Action by Jesse M. McAlister against W. H. Tucker. From judgment for plaintiff, defendant appeals. The facts are stated in the opinion.

*Messrs. M. L. Bonham* and *J. P. Carey,* for appellant, cite: *As to time when rent becomes due:* 24 Cyc. 1171; 68 S. E. 952; Civil Code, 3503.

*Mr. A. H. Dagnall,* for respondent: *The charge was not requested by appellant:* 100 S. C. 218.

February 26, 1916.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action by plaintiff against defendant to recover possession of certain seed cotton of the alleged values of $425, which had been seized under a distress warrant for rent alleged to be due for 1914, and also for $1,575 punitive damages for alleged unlawful and wrongful taking of the property. The case was heard by Honorable Frank B. Gary and a jury at March, 1915, term of Court for Anderson county, and resulted in a verdict in favor of the plaintiff for the property in dispute, or the value thereof, $425, in case a delivery cannot be had. A motion for new trial was made and refused, and defendant appealed, and by ten exceptions alleges error on the part of the trial Judge. At the hearing of the case appellant's counsel by his argument conceded that there was but one question made by them in the exceptions, and that it is that the presiding Judge erred, when the jury came into Court, and asked if it was necessary that a fixed day be named for the payment of rent, in not instructing them that it was not necessary that a fixed definite day be named. We think that this exception should be sustained. The jury after considering the case came back into Court, and asked his Honor "whether there must be a fixed day for the payment of rent?" and were entitled to the instruction of the Court in answer to the question. He should have told them that in the absence of a definite time fixed in the contract for rent then when the crop matures or is ready to market the rent becomes due. The law of the State gives a landlord a lien on all crops grown on the rented land for rent and as the crops such as oats, corn and cotton, mature and are in a condition to be prepared for marketing or

selling then the landlord's rent becomes due and payable in the absence of any definite fixed time agreed upon for payment. His Honor's failure to instruct the jury in response to questions asked by them was prejudicial to the defendant, and there must be a new trial.

New trial granted.